IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

FILED

AUG - 8 2005

TERESA L. DEPPNER, CLERK
U.S. District & Bankruptcy Courts
Southern District of West Virginia

SHIRLEY BOONE,
    Petitioner,

v().

DEBORAH A. HICKEY, Warden,
FPC Alderson,
    Respondent.

Civil Action No. 1:04-1143

## PROPOSED FINDINGS AND RECOMMENDATION

On October 22, 2004, Petitioner, an inmate at FPC Alderson, West Virginia, and acting *pro se*, filed an "Application Under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State or Federal Custody," a Motion for Writ of Habeas Corpus, and Memorandum of Law in Support.[1] (Document Nos. 1-3.) On April 18, 2005, Petitioner further filed a "Motion for Leave of Court to Supplement Habeas Corpus (Title 28 U.S.C. § 2241) Pursuant to Federal Rules of Civil Procedure." (Document No. 9.) Petitioner seeks permission to supplement her § 2241 Application with a claim pursuant to United States v. Booker, and United States v. Fanfan, __ U.S. __, 125 S. Ct. 738, 160 L.Ed.2d 621 (Jan. 12, 2005). (Id.) By Standing Order filed on October 22, 2004, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 4.) Having conducted a thorough examination of the Petitioner's Application, Motions, and Memorandum, the undersigned has determined that Petitioner's Application under § 2241 constitutes a § 2255 Motion; jurisdiction is properly in the United States District Court for the Eastern District of

---

[1] Because Petitioner is acting *pro se*, the documents which she has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Virginia; that the decision in Booker does not retroactively apply to her sentence; and accordingly, this case must be dismissed.

## PROCEDURAL HISTORY AND FACTUAL BACKGROUND

By Indictment in the Eastern District Court of Virginia, Petitioner was charged with possession with intent to distribute cocaine and aiding and abetting, in violation of 21 U.S.C. § 841(b)(1)(B)(ii) and 18 U.S.C. § 2. United States v. Boone, Criminal Case No. 3:00-00356 (E.D. Va. Sept. 27, 2001). On May 1, 2001, a Superseding Indictment was returned against Petitioner charging her with (Count 1s) conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. § 846, and (Counts 2s and 3s) possession with intent to distribute cocaine and aiding and abetting in violation of 21 U.S.C. § 841(b)(1)(B)(ii) and 18 U.S.C. § 2. Id. After a trial by jury, Petitioner was convicted on June 21, 2001, on all three counts of the Superseding Indictment. Id. On September 27, 2001, the District Court sentenced her to concurrent terms of imprisonment of 120 months on Count 1s, and 87 months on Counts 2s and 3s. Id. She was further sentenced to consecutive terms of supervised release of five years. Id.

Petitioner appealed her conviction and sentence, raising the following assignments of error:

1. The District Court erred in entering conviction of the defendant where the superseding indictment only gave notice that the alleged offense occurred some time prior to October 4, 2000, and terminated some time prior to the day after indictment; and

2. The district Court erred in failing to set aside the conviction of defendant for Count 2 as supported by insufficient evidence as a matter of law where the only direct evidence against her is uncorroborated testimony as to her mere proximity to the alleged offense.

(Document No. 3, pp. 2-3.) The Fourth Circuit affirmed Petitioner's conviction. United States v. Boone, 32 Fed.Appx. 89, 2002 WL 521978 (4th Cir. Apr. 8, 2002). On May 30, 2003, Petitioner filed in the Eastern District Court of Virginia, a Motion to reduce her sentence under 18 U.S.C. § 3582(c),

2

which was denied by Order entered June 3, 2003.

Petitioner raises in this case, the following grounds for relief:

I. Sentencing Court erred in imposing sentence for Count One, when conviction of same was in violation of Petitioner's constitutional rights. Specifically, Count One was duplicitous when it charged "possess with intent to distribute" and "to distribute" in excess of five (5) kilograms of cocaine hydrochloride, and "to thereafter conceal and cover up the nature and existence of the conspiracy."

II. Sentencing Court erred in imposing sentence for Count Two, when conviction of same was in violation of Petitioner's constitutional rights. Specifically, Count Two was duplicious when it charged "possess with intent to distribute" and "aid and abet in the possession with the intent to distribute" and "the distribution of," in excess of 500 grams of cocaine hydrochloride.

III. Sentencing Court erred when it imposed a sentence clearly in excess of the maximum authorized by law for Count Three.

IV. Sentencing Court erred in entering judgment for Count Two and Three in violation of the Double Jeopardy Clause of the U.S. Constitution, if Count One is not set aside.

V. The Sentencing Court lacked jurisdiction to render the judgment which it imposed and under which Petitioner is held a prisoner.

(Document No. 3, pp. 3-4.)

## ANALYSIS

Applications under 28 U.S.C. § 2255 are the exclusive remedy for testing the validity of federal judgments and sentences unless there is a showing that the remedy is inadequate or ineffective. In Re Jones, 226 F.3d 328, 333 (4th Cir. 2000)("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). The Petitioner bears the burden of showing the inadequacy or ineffectiveness of a § 2255 Application. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). The fact that relief under § 2255 is barred procedurally or by the gatekeeping requirements of § 2255 does not render the remedy of § 2255 inadequate or ineffective. In re Jones, 226 F.3d at 332;

Young v. Conley, 128 F.Supp.2d 354, 357 (S.D. W.Va.)(Chief Judge Haden), aff'd, 291 F.3d 257 (4th Cir. 2001), cert. denied, 537 U.S. 938, 123 S.Ct. 46, 154 L.Ed.2d 242 (2002). The remedy under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255. Thus, allegations that a federal conviction or sentence is invalid are appropriately considered under § 2255, and allegations respecting the execution of a federal sentence, e.g., time credit calculations, are properly considered under § 2241. "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).

Essentially, Petitioner challenges the validity of her conviction and sentence in the Eastern District of Virginia. She states that her "convictions must be vacated as a matter of law, and she must be released from imprisonment forthwith." (Document No. 3, p. 23.) Petitioner's claims are claims properly considered under § 2255, not § 2241. Therefore, in view of the nature of her claims, her Application in this case under § 2241 must be considered to be a Motion to Vacate, Set Aside or Correct her sentence under § 2255.

It is quite clear from the language in the first paragraph of 28 U.S.C. § 2255 that Motions thereunder must be filed in the sentencing Court. The first paragraph of 28 U.S.C. § 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, *may move the court which imposed the sentence to vacate, set aside or correct the sentence.*

(Emphasis added.) Considering Petitioner's Application a successive § 2255 Motion, it is clear that this District Court lacks jurisdiction to consider it. Rather, jurisdiction is properly in the Eastern District of Virginia. For this reason, Petitioner's Application should be dismissed. The undersigned

4

notes that there are other reasons, procedural and substantive, why Petitioner's Application should be dismissed. These are matters, however, for consideration by the Court properly vested with jurisdiction over the merits of Petitioner's claims, the Eastern District of Virginia.

The undersigned acknowledges however, that a state of uncertainty persists throughout the prisons and the District Courts respecting the kind of action in which a Blakely violation should be raised. For this reason, the undersigned will consider below Petitioner's Blakely claim.

Petitioner argues that her sentence is unconstitutional under the Supreme Court's decision in Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). In Blakely, the Supreme Court reaffirmed the Court's holding in Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S.Ct. 2348, 2362-63, 147 L.Ed.2d 435 (2000), that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." and invalidated Washington's sentencing scheme because it required the judge to impose a sentence based on facts neither admitted by the defendant nor reflected in the jury verdict, in violation of the Sixth Amendment.[2] Blakely, 542 U.S. at __, 124 S.Ct. at 2537. On January 12, 2005, the Supreme Court decided United States v. Booker, and United States v. Fanfan, __ U.S. __, 125 S. Ct. 738, 160 L.Ed.2d 621, which applied the holding in Blakely to the Federal Sentencing Guidelines, and held: "Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." __ U.S. at __, 125 S. Ct. at 756. The Booker holding applies "'to all cases on direct review or not yet

---

[2] In *Blakely*, the Court defined the phrase "statutory maximum" for *Apprendi* purposes as "the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.*" Blakely, 542 U.S. at __, 124 S.Ct. at 2537 (emphasis in original).

5

final, with no exception for cases in which the new rule constitutes a "clear break" with the past.'" __ U.S. at __, 125 S. Ct. at 769 (quoting Griffith v. Kentucky, 479 U.S. 314, 328, 107 S.Ct. 708, 716, 93 L.Ed.2d 649 (1987)).

Petitioner's case has concluded direct review and is final.[3] Thus Booker does not apply, unless the Supreme Court rules that it is to be applied retroactively to cases on collateral review. See Tyler v. Cain, 533 U.S. 656, 662-63, 121 S.Ct. 2478, 2482, 150 L.Ed.2d 632 (2001) (holding "that a new rule is not 'made retroactive to cases on collateral review' unless the Supreme Court holds it to be retroactive."). Although the Fourth Circuit Court of Appeals has not issued a published decision considering whether Booker applies retroactively to persons whose convictions were final prior to the Supreme Court's decisions in Blakely and Booker, several circuit courts of appeals and district courts have held that it does not, and the undersigned anticipates the Fourth Circuit will do so as well.

The Circuit Court of Appeals for the Second Circuit held in Green v. United States, 397 F.3d 101, 103 (2d Cir. 2005), that "neither Booker nor Blakely appl[ies] retroactively to [a] collateral challenge." In Guzman v. United States , 404 F.3d 139, 144 (2d Cir. 2005), the Second Circuit reaffirmed its decision in Green and expressly held that "Booker is not retroactive, i.e., it does not apply to cases on collateral review where the defendant's conviction was final as of January 12, 2005, the date that Booker issued." Similarly, the Eleventh Circuit decided, in Varela v. United States, 400

---

[3] For purposes of retroactivity analysis and collateral review, Petitioner's sentence became final on July 7, 2002, ninety days after entry of judgment by the Fourth Circuit. See Sup. Ct. R. 13; *Clay v. United States*, 537 U.S. 522, 123 S.Ct. 1072, 1076, 155 L.Ed.2d 88 (2003)(holding that "[f]inality attaches when the Court affirms a conviction on the merits on direct review or denies a petition for writ of certiorari, or when the time for filing a certiorari petition expires.")(citing, *Caspari v. Bohlen*, 510 U.S. 383, 390, 114 S.Ct. 948, 953, 127 L.Ed.2d 236 (1994) (holding that "[a] state conviction and sentence becomes final for purposes of retroactivity analysis when the availability of direct appeal to the state courts has been exhausted and the time for filing a petition for a writ of certiorari has elapsed or a timely filed petition has been finally denied.").
6

F.3d 864, 868 (11th Cir. 2005), "that <u>Booker</u>'s constitutional rule falls squarely under the category of new rules of criminal procedure that do not apply retroactively to § 2255 cases on collateral review." Likewise, the Seventh Circuit has ruled that <u>Booker</u> does not apply retroactively to cases on collateral review. <u>McReynolds v. United States</u>, 397 F.3d 479 (7th Cir. 2005). The Court held:

> Although the Supreme Court did not address the retroactivity question in *Booker*, its decision in *Schriro v. Summerlin*, [542] U.S. [348], 124 S. Ct. 2519, 159 L. Ed.2d 442 (2004), is all but conclusive on the point. *Summerlin* held that *Ring v. Arizona*, 536 U.S. 584, 122 S. Ct. 2428, 153 L. Ed.2d 556 (2002) -- which, like *Booker*, applied *Apprendi*'s principles to a particular subject -- is not retroactive on collateral review.
>
> *Ring* held, in reliance on *Apprendi*, that a defendant is entitled to a jury trial on all aggravating factors that may lead to the imposition of capital punishment. In *Summerlin* the Court concluded that *Ring* cannot be treated as a new substantive rule -- which is to say, a rule that "alters the range of conduct or the class of persons that the law punishes." [542] U.S. at __, 124 S. Ct. at 2523. It observed that "*Ring* altered the range of permissible methods for determining whether a defendant's conduct is punishable [in a particular way], requiring that a jury rather than a judge find the essential facts bearing on punishment. Rules that allocate decisionmaking authority in this fashion are prototypical procedural rules." *Ibid.* That is no less true of *Booker* -- or for that matter *Apprendi* itself. We held in *Curtis v. United States*, 294 F.3d 841, 843 (7th Cir. 2002), that *Apprendi* does not apply retroactively on collateral review, because it "is concerned with the identity of the decisionmaker, and the quantum of evidence required for a sentence, rather than with what primary conduct is unlawful." That, too, is equally true of *Booker*. No conduct that was forbidden before *Booker* is permitted today; no maximum available sentence has been reduced.
>
> The remedial portion of *Booker* drives the point home. The Court held that the federal Sentencing Guidelines remain in force as written, although 18 U.S.C. § 3553(b)(1), which makes their application mandatory, no longer governs. District judges must continue to follow their approach *as guidelines*, with appellate review to determine whether that task has been carried out reasonably. No primary conduct has been made lawful, and none of the many factors that affect sentences under the Sentencing Guidelines has been declared invalid. Consequently *Booker*, like *Apprendi* and *Ring*, must be treated as a procedural decision for purposes of retroactivity analysis.
>
> * * *
>
> The Court held in *DeStefano v. Woods*, 392 U.S. 631, 88 S.Ct. 2093, 20 L.Ed.2d 1308 (1968), and reiterated in *Summerlin*, that the choice between judges and juries as factfinders does not make such a fundamental difference; to the contrary, the Court stated in *Summerlin*, it is not clear which is more accurate. [542] U.S. at __, 124 S. Ct. at

> 2525. What is more, *Booker* does not in the end move any decision from judge to jury, or change the burden of persuasion. The remedial portion of *Booker* held that decisions about sentencing facts will continue to be made by judges, on the preponderance of the evidence, an approach that comports with the sixth amendment so long as the guideline system has some flexibility in application. As a practical matter, then, petitioners' sentences would be determined in the same way if they were sentenced today; the only change would be the degree of flexibility judges would enjoy in applying the guideline system. That is not a "watershed" change that fundamentally improves the accuracy of the criminal process. See also *Curtis*, 294 F.3d at 843-44.
> We conclude, then, that *Booker* does not apply retroactively to criminal cases that became final before its release on January 12, 2005. That date, rather than June 24, 2004, on which *Blakely v. Washington*, [542] U.S. [296], 124 S. Ct. 2531, 159 L. Ed.2d 403 (2004), came down, is the appropriate dividing line; *Blakely* reserved decision about the status of the federal Sentencing Guidelines, see *id.* at 2538 n.9, so *Booker* itself represents the establishment of a new rule about the federal system.

McReynolds, 397 F.3d at 480-81.

Similarly, the Third Court held in In re Olopade, 403 F.3d 159, 163-64 (3rd Cir. 2005), that Booker is not retroactively applicable to cases on collateral review. The Fifth Circuit recently held that "Booker does not apply retroactively on collateral review for purposes of a successive § 2255 motion." In re Elwood, 408 F.3d 211, 213 (5th Cir. 2005). The Sixth Circuit ruled in Humphress v. United States, 398 F.3d 855, 863 (6th Cir. 2005) that

> We see no basis for concluding that the judicial factfinding addressed in *Booker* is either less accurate or creates a greater risk of punishing conduct the law does not reach than did the judicial factfinding addressed in *Ring*. The Supreme Court has never held that a new rule of criminal procedure falls within *Teague's* second exception. *Beard [v. Banks*, __ U.S. __], 124 S.Ct. [2504], 2513-14 [159 L.Ed.2d 494 (2004)]. We hold that *Booker's* rule does not either. *Accord McReynolds*, 397 F.3d at 481.

The Tenth Circuit likewise held in United States v. Price, 400 F.3d 844, 848-49 (10th Cir. 2005), that Blakely was a new rule of criminal procedure that was not subject to retroactive application on collateral review as follows:

> A new procedural rule, such as that announced in *Blakely*, will apply retroactively only if it falls into one of two narrow exceptions. *See Teague*, 489 U.S. at 307, 109 S.Ct. 1060. The first exception applies to a new rule that "places certain

8

kinds of primary, private individual conduct beyond the power of the criminal lawmaking authority to proscribe." *Teague*, 489 U.S. at 307, 109 S.Ct. 1060 (quotation omitted). *Blakely* does not implicate that exception. [footnote omitted] *See [United States v.] Mora*, 293 F.3d [1213,] 1218 (holding *Apprendi* does not implicate *Teague's* first exception).

*Teague's* second exception applies to "watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding. *O'Dell [v. Netherland]*, 521 U.S. [151,] 157, 117 S.Ct. 1969 [, 138 L.Ed.2d 351 (1997)]. (quotation omitted). "To qualify as a 'watershed' rule of criminal procedure, the rule must not only improve the accuracy with which defendants are convicted or acquitted, but also alter our understanding of the *bedrock procedural elements* essential to the fairness of the proceeding." *Mora*, 293 F.3d at 1218-19 (quotation omitted). "This exception is defined narrowly." *Id* at 1219.

*Blakely* did not announce a new watershed rule of criminal procedure that implicates the "fundamental fairness and accuracy of the criminal proceeding." *O'Dell*, 521 U.S. at 157, 117 S.Ct. 1969. First, *Blakely* does not affect the determination of a defendant's guilt or innocence. Rather, it addresses only how a court imposes a sentence, once a defendant has been convicted.

Further, the Supreme Court has previously determined that a change in the law requiring that juries, rather than judges, make the factual findings on which a sentence is based did not announce a watershed rule of criminal procedure. [footnote omitted]. *See Summerlin*, [542] U.S. at __ - __, 124 S.Ct. at 2524-26. Similarly, we have previously held that a change in the law requiring juries to find these sentencing facts beyond a reasonable doubt, rather than by a preponderance of the evidence, also does not announce a watershed rule of criminal procedure. *See Mora*, 293 F.3d at 1219 (holding *Apprendi*, including its quantum of proof requirement, did not announce watershed rule); *see also Sepulveda v. United States*, 330 F.3d 55, 61 (1st Cir. 2003) (holding, in addressing *Apprendi's* retroactivity, that "'a decision . . . by a judge (on a preponderance standard) rather than a jury (on the reasonable doubt standard) is not the sort of error that necessarily undermines the fairness . . . of judicial proceedings,'" quoting *Curtis v. United States*, 294 F.3d 841, 843 (7th Cir. 2002)); *Coleman v. United States*, 329 F.3d 77, 88-90 (2d Cir. 2003) (rejecting argument that *Apprendi's* requiring Government to prove sentencing factors beyond a reasonable doubt was watershed rule of criminal procedure). We conclude, therefore, that *Blakely* did not announce a watershed rule of criminal procedure that would apply retroactively to initial § 2255 motions. *See, e.g., Rowell v. Dretke*, 398 F.3d 370, 2005 WL 151916, at *8 (5th Cir. Jan. 25, 2005); *Rucker v. United States*, 2005 WL 331336, at *1 (D. Utah Feb. 10, 2005); *Gerrish v. United States*, 353 F.Supp.2d 95, 2005 WL 159642, at *1 (D. Me. Jan. 25, 2005); *United States v. Johnson*, 353 F.Supp.2d 656, 2005 WL 170708, at *1 (E.D. Va. Jan. 21, 2005); *see also In re Anderson*, 396 F.3d 1336, 1339 (11th Cir. 2005) (noting "the Supreme Court has strongly implied that *Blakely* is not to be applied retroactively"); *cf. McReynolds*, 397 F.3d at 481 (7th Cir. 2005) (holding *Booker* does not apply retroactively in initial § 2255 motions).

A similar conclusion was reached in <u>Rucker v. United States</u>, 2005 WL 331336, No. 2:04-cv-

00914PGC (D. Utah, Feb. 10, 2005). Stacy Rucker pled guilty to armed bank robbery in July, 2003, with sentencing in October, 2003, before both Blakely and Booker. His offense level was enhanced for property taken from a financial institution, discharge of a firearm, and loss exceeding $10,000, and reduced for acceptance of responsibility. He filed a Motion under 28 U.S.C. § 2255, asserting that Blakely (and Booker) should be applied retroactively to him, and that his sentence was unconstitutional. The District Court held:

> The approach to sentencing required by the *Blakely* and *Booker* decisions is a new rule. Moreover, it is a procedural rule about the allocation of fact-finding power between judge and jury and about proof beyond a reasonable doubt. Such a new procedural rule applies retroactively only where it implicates the fundamental fairness and accuracy of a criminal proceeding. The *Blakely/Booker* rule does not implicate fundamental fairness. Indeed, *Booker* itself requires the courts to continue to "consider" the Guidelines in imposing sentence. Accordingly, the *Blakely/Booker* rule does not apply retroactively to Mr. Rucker (and others whose convictions became final before *Blakely*).

Rucker v. United States, 2005 WL 331336, *1.

Based on Green, Guzman, Varela, McReynolds, Olopade, Elwood, Humphress, Price, and Rucker, the undersigned proposes that the presiding District Judge find that Petitioner's convictions were final prior to both Blakely and Booker, and that those decisions do not apply retroactively to her sentence.

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal analysis and conclude that the Petitioner's Application is properly considered as a successive Motion under 28 U.S.C. § 2255 and that the District Court has no jurisdiction to consider the issues presented by Petitioner's Application. Accordingly, it is respectfully **RECOMMENDED** that the District Court **DENY** Petitioner's Motion for Writ of Habeas Corpus (Document No. 2.), **DENY** Petitioner's "Motion for Leave of Court to Supplement

Habeas Corpus (Title 28 U.S.C. § 2241) Pursuant to Federal Rules of Civil Procedure" (Document No. 9.), **DISMISS** Petitioner's Application (Document No. 1.) with prejudice in consideration of its lack of jurisdiction and without prejudice as to the merits of the claims which Petitioner raises therein, and remove this matter from the Court's docket.

The parties are hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable Chief United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have thirteen days (ten days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155, 106 S.Ct. 466, 475, 88 L.Ed.2d 435 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.) cert. denied, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.Ed.2d 352 (1984). Copies of such objections shall be served on opposing parties, Chief Judge Faber, and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to counsel of record and to Petitioner.

ENTER: August 8, 2005.

R. Clarke VanDervort
United States Magistrate Judge

11