IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

SHIRLEY BOONE,

    Petitioner,

v.                                    CIVIL ACTION NO. 1:04-1143

DEBORAH A. HICKEY, Warden,

    Respondent.

<u>MEMORANDUM OPINION AND JUDGMENT ORDER</u>

<u>I.  Introduction</u>

By Standing Order entered on July 21, 2004, and filed in
this matter on October 22, 2004, this action was referred to
United States Magistrate Judge R. Clarke VanDervort for
submission of proposed findings and recommendation.  Magistrate
Judge VanDervort submitted his proposed findings and
recommendation on August 8, 2005.  In that Proposed Findings and
Recommendation, the magistrate judge recommended that this court
deny petitioner's motion for writ of habeas corpus (Doc. No. 2),
deny petitioner's motion for leave of court to supplement habeas
corpus (Doc. No. 9), dismiss petitioner's application (Doc.
No. 1), and remove this matter from the court's docket.

In accordance with the provisions of 28 U.S.C. § 636(b), the
parties were allotted ten days, plus three mailing days, in which
to file any objections to Magistrate Judge VanDervort's Findings
and Recommendation.  The failure of any party to file such
objections constitutes a waiver of such party's right to a *de*

*novo* review by this court.  <u>Snyder v. Ridenour</u>, 889 F.2d 1363
(4th Cir. 1989); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985).  Moreover,
this court need not conduct a *de novo* review when a petitioner
"makes general and conclusory objections that do not direct the
court to a specific error in the magistrate's proposed findings
and recommendations." <u>Orpiano v. Johnson</u>, 687 F.2d 44, 47 (4th
Cir. 1982).  Petitioner filed objections to the Proposed Findings
and Recommendation on August 25, 2005.  Because petitioner filed
his objections timely, this court has conducted a *de novo* review
of the record as to those objections.  <u>See</u> 28 U.S.C. § 636(b)(1)
("A judge of the court shall make a *de novo* determination of
those portions of the report or specified proposed findings and
recommendations to which objection is made.").

<u>II.  Analysis</u>

Petitioner objects to the Magistrate Judge's recommendation
that this court construe petitioner's application under 28 U.S.C.
§ 2241 as a § 2255 motion and dismiss this application for lack
of jurisdiction.  <u>See</u> Doc. No. 14.  This court agrees with the
Magistrate Judge's recommendation and OVERRULES petitioner's
objection.

The petitioner raised five grounds for relief: (1) that the
sentencing court erred in imposing sentence for Count One,
(2) the sentencing court erred in imposing sentence for count
two, (3) sentencing court erred by imposing a sentence in excess

2

of the maximum authorized by law for count three, (4) the
sentencing court erred by sentencing the defendant to counts one,
two, and three in violation of the Double Jeopardy clause of the
United States Constitution, and (5) the sentencing court lacked
jurisdiction to enter judgment. See Doc. No. 3 at 3-4.  An
action under 28 U.S.C. § 2255 provides the appropriate remedy for
each of these actions.  That provision states that a petitioner
can move to vacate, set aside, or correct a sentence "imposed in
violation of the Constitution or laws of the United States, or
that the court was without jurisdiction to impose such sentence,
or that the sentence was in excess of the maximum authorized by
law." See 28 U.S.C. § 2255.  As the Magistrate Judge correctly
noted, "[a] section 2241 petition that seeks to challenge the
validity of a federal sentence must either be dismissed or
construed as a section 2255 motion." See Proposed Findings and
Recommendation at 4 (citing Pack v. Yusuff, 218 F.3d 448, 452
(5th Cir. 2000)).  Section 2255 is the exclusive remedy unless
the petitioner can demonstrate that it is inadequate or
ineffective.  In Re Jones, 226 F.3d 328, 333 (4th Cir. 2000).

    The petitioner argues that § 2255 is inadequate, citing
United States v. Pregent, 190 F.3d 279 (4th Cir. 1999).  See Doc.
No. 14 at 2.  That case, however, does not stand for the
proposition that motions attacking sentencing guidelines should
be brought under § 2241.  Rather, that case construed an 18

3

U.S.C. § 3583 motion as a § 2255 motion exactly because that was
the proper procedural mechanism to attack a sentencing.   See
Pregent, 190 F.3d at 283.   That the Fourth Circuit Court of
Appeals ultimately found against Pregent's converted § 2255, does
not make those petitions inadequate or ineffective.   Instead, it
stands for the proposition that those petitions will be granted
only in exceptional circumstances.   Id.   Moreover, the plaintiff
only marginally attacks his Sentencing Guideline application and
more accurately is attacking the constitutionality of his entire
sentence and the jurisdiction of the sentencing court.
Therefore, this court agrees with the Magistrate Judge that
petitioner's claim is more accurately framed as a 28 U.S.C.
§ 2255 petition.

As a § 2255 petition, petitioner's claim must be brought in
the sentencing court.   See 28 U.S.C. § 2255 (directing that a
prisoner "may move the court which imposed the sentence . . .").
The petitioner in this case was convicted and sentenced in the
Eastern District of Virginia.   Accordingly, this court lacks
jurisdiction to hear his § 2255 petition and OVERRULES
petitioner's objections.

### III.  Conclusion

The court hereby (1) CONFIRMS and ACCEPTS the factual and
legal analysis contained within the Proposed Findings and
Recommendation submitted by the magistrate judge, (2) DENIES

4

Petitioner's Motion for Writ of Habeas Corpus (Doc. No. 2),
DENIES petitioner's motion for leave to supplement habeas corpus
(Doc. No. 9), DISMISSES petitioner's application (Doc. No. 1)
with prejudice in consideration of its lack of jurisdiction and
without prejudice as to the merits of the claims raised therein,
and REMOVES this matter from the court's docket.

The Clerk is directed to remove this matter from the active
docket of the court, and is further directed to forward a
certified copy of this memorandum opinion and judgment order to
counsel of record and to the petitioner.

IT IS SO ORDERED this 29th day of September, 2005.

ENTER:

David A. Faber
Chief Judge